**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| KANSAS CITY CEMENT MASONS PENSION FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| KEVIN GARD and GREG DAVEY TRUSTEES OF THE KANSAS CITY CEMENT MASONS PENSION FUND, | ) ) ) ) |
| and | ) ) |
| CEMENT MASONS AND PLASTERERS LOCAL 518 HEALTH CARE FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| KEVIN GARD and GREG DAVEY TRUSTEES OF THE CEMENT MASONS AND PLASTERERS LOCAL 518 HEALTH CARE FUND, | ) ) ) ) ) |
| and | ) ) |
| CEMENT MASONS AND PLASTERERS LOCAL 518 VACATION FUND, a Trust Fund, | ) ) ) No. |
| and | ) ) |
| KEVIN GARD and GREG DAVEY TRUSTEES OF THE CEMENT MASONS AND PLASTERERS LOCAL 518 VACATION FUND, | ) ) ) ) |
| and | ) ) |
| CEMENT MASONS APPRENTICESHIP AND TRAINING FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| KEVIN GARD and CALEB MCCANDLESS TRUSTEES OF THE CEMENT MASONS APPRENTICESHIP AND TRAINING FUND, | ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) |

{00508202;CM22-192;MTH }

| | |
|---|---|
| **PARRISH & SONS CONSTRUCTION, LLC** | ) |
|   **[SERVE:   Fahteema Parrish** | ) |
|             **Registered Agent** | ) |
|             **800 East 101st Terrace, Suite 230** | ) |
|             **Kansas City, MO 64131]** | ) |
| | ) |
|             Defendant. | ) |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Kansas City Cement Masons Pension Fund, a Trust Fund, and Kevin Gard and Greg Davey, duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

2. Plaintiffs, Kevin Gard and Greg Davey, are duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund; Plaintiff, Kansas City Cement Masons Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

3. Said Plaintiff Fund was established on January 26, 1966, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred

{00508202;CM22-192;MTH }

2

Case 4:23-cv-00303-SRB    Document 1    Filed 05/05/23    Page 2 of 12

to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a Missouri limited liability company doing business in the State of Missouri and particularly in the Western District of Missouri; that Defendant at all times material herein employed Cement Masons performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8. Defendant on or about **October 18, 2020**, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Heavy Constructors Association of the Greater Kansas City Area and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

{00508202;CM22-192;MTH }

9. Cement Mason employees of the Defendant were employed under the terms of the collective bargaining agreements between the Heavy Constructors Association of the Greater Kansas City Area and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from **October 18, 2020,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

11. An audit of Defendant's remittance report covering the period **October 18, 2020 through September 30, 2021**, shows that Defendant owes Plaintiffs **FOUR THOUSAND, EIGHT HUNDRED TWENTY-FOUR AND 74/100 ($4,824.74) DOLLARS** in unpaid Pension Plan contributions, **NINE HUNDRED SIXTY-FOUR AND 96/100 ($964.96) DOLLARS** as and for liquidated damages and **NINETY-FIVE AND 82/100 ($95.82) DOLLARS** as and for interest.

12. An audit of Defendant's remittance report covering the period **October 18, 2020 through September 30, 2021**, shows that Defendant owes Plaintiffs **THREE THOUSAND, TWO HUNDRED NINETY-TWO AND 94/100 ($3,292.94) DOLLARS** in unpaid Defined Contribution Plan

contributions, **SIX HUNDRED FIFTY-EIGHT AND 58/100 ($658.58) DOLLARS** as and for liquidated damages and **SIXTY-FIVE AND 40/100 ($65.40) DOLLARS** as and for interest.

13. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

16. Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

17. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated

{00508202;CM22-192;MTH }

5

Case 4:23-cv-00303-SRB   Document 1   Filed 05/05/23   Page 5 of 12

damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount of **FOUR THOUSAND, EIGHT HUNDRED TWENTY-FOUR AND 74/100 ($4,824.74) DOLLARS** in unpaid Pension Plan contributions, **NINE HUNDRED SIXTY-FOUR AND 96/100 ($964.96) DOLLARS** as and for liquidated damages and **NINETY-FIVE AND 82/100 ($95.82) DOLLARS** as and for interest due and owing for the period **October 18, 2020 through September 30, 2021**; and

B. For judgment against Defendant in the amount of **THREE THOUSAND, TWO HUNDRED NINETY-TWO AND 94/100 ($3,292.94) DOLLARS** in unpaid Defined Contribution Plan contributions, **SIX HUNDRED FIFTY-EIGHT AND 58/100 ($658.58) DOLLARS** as and for liquidated damages and **SIXTY-FIVE AND 40/100 ($65.40) DOLLARS** as and for interest due and owing for the period **October 18, 2020 through September 30, 2021** for the Defined Contribution Plan; and

C. For judgment against Defendant for liquidated damages; and for interest on the unpaid fringe benefit contributions; and

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

F. For judgment against Defendant for costs incurred in this action; and

G. For such other relief as the Court may deem appropriate.

{00508202;CM22-192;MTH }

6

## COUNT II

Come now Plaintiffs, Cement Masons and Plasterers Local 518 Health Care Fund, a Trust Fund, and Kevin Gard and Greg Davey, duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund who are authorized to maintain this action on behalf of the Health Care Fund and the Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund, and, for their cause of action under Count II against Defendant state:

1. Plaintiffs, Kevin Gard and Greg Davey, are duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund who are authorized to maintain this action on behalf of the Health Care Fund and the Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund; Plaintiff Cement Masons and Plasterers Local 518 Health Care Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on April 1, 1962, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Bricklayers, Masons and Plasterers Union, Local Union No. 18 of Kansas and Local Unions Nos. 4 and 21 of Missouri (hereinafter referred to as "Union"); pursuant to the provisions of the Trust Agreement, Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO, became a party to said Trust Agreement effective June 18, 1960; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's remittance report submitted for the period **October 18, 2020 through September 30, 2021** shows that Defendant owes Plaintiffs **EIGHT THOUSAND, TWENTY-FIVE AND 95/100 ($8,025.95) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, SIX**

{00508202;CM22-192;MTH }

7

**HUNDRED FIVE AND 20/100 ($1,605.20) DOLLARS** as and for liquidated damages and **ONE HUNDRED FIFTY-NINE AND 39/100 ($159.39) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount **EIGHT THOUSAND, TWENTY-FIVE AND 95/100 ($8,025.95) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, SIX HUNDRED FIVE AND 20/100 ($1,605.20) DOLLARS** as and for liquidated damages and **ONE HUNDRED FIFTY-NINE AND 39/100 ($159.39) DOLLARS** as and for interest due and owing for the period **October 18, 2020 through September 30, 2021**; and

B. For judgment against Defendant for liquidated damages; and for interest on the unpaid fringe benefit contributions; and

C. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E. For judgment against Defendant for costs incurred in this action; and

F. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Cement Masons and Plasterers Local 518 Vacation Fund, a Trust Fund, and Kevin Gard and Greg Davey, duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund who are authorized to maintain this action on behalf of the

Vacation Fund and all the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, Kevin Gard and Greg Davey, are duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund; Plaintiff Cement Masons and Plasterers Local 518 Vacation Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on April 1, 1986, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union").

3. An audit of Defendant's remittance report submitted for the period **October 18, 2020 through September 30, 2021** shows that Defendant owes Plaintiffs **THREE THOUSAND, SIX HUNDRED SIXTY-NINE AND 00/100 ($3,669.00) DOLLARS** in unpaid fringe benefit contributions, **SEVEN HUNDRED THIRTY-THREE AND 80/100 ($733.80) DOLLARS** as and for liquidated damages and **SEVENTY-TWO AND 87/100 ($72.87) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount of **THREE THOUSAND, SIX HUNDRED SIXTY-NINE AND 00/100 ($3,669.00) DOLLARS** in unpaid fringe benefit contributions, **SEVEN HUNDRED**

{00508202;CM22-192;MTH }

**THIRTY-THREE AND 80/100 ($733.80) DOLLARS** as and for liquidated damages and **SEVENTY-TWO AND 87/100 ($72.87) DOLLARS** as and for interest due and owing for the period **October 18, 2020 through September 30, 2021**; and

B. For judgment against Defendant for liquidated damages; and for interest on the unpaid fringe benefit contributions; and

C. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E. For judgment against Defendant for costs incurred in this action; and

F. For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Cement Masons Apprenticeship and Training Fund, a Trust Fund, and Kevin Gard and Caleb McCandless, duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Cement Masons Apprenticeship and Training Fund, and, for their cause of action under Count IV against Defendant, state:

1. Plaintiffs, Kevin Gard and Caleb McCandless are duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Cement Masons Apprenticeship and Training Fund; Plaintiff Cement Masons Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on June 1, 1993, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union").

3. An audit of Defendant's remittance report submitted for the period **October 18, 2020 through September 30, 2021,** shows that Defendant owes Plaintiffs **SIX HUNDRED FORTY-TWO AND 08/100 ($642.08) DOLLARS** in unpaid fringe benefit contributions, **ONE HUNDRED TWENTY-EIGHT AND 42/100 ($128.42) DOLLARS** as and for liquidated damages and **TWELVE AND 75/100 ($12.75) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount of **SIX HUNDRED FORTY-TWO AND 08/100 ($642.08) DOLLARS** in unpaid fringe benefit contributions, **ONE HUNDRED TWENTY-EIGHT AND 42/100 ($128.42) DOLLARS** as and for liquidated damages and **TWELVE AND 75/100 ($12.75) DOLLARS** as and for interest due and owing for the period **October 18, 2020 through September 30, 2021**; and

B. For judgment against Defendant for liquidated damages; and for interest on the unpaid fringe benefit contributions; and

C. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

D. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

E. For judgment against Defendant for costs incurred in this action; and

F. For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Mark A. Kistler*
Mark A. Kistler, MO No. 48442

*/s/ Melika T. Harris*
Melika T. Harris, MO No. 65952
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
makistler@a-nlaw.com
mhtharris@a-nlaw.com
*Attorneys for Plaintiffs*